# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 11-614V
### Filed: October 24, 2012
### Reissued as Redacted: November 13, 2012

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
ROBERT SMITH and AMY SMITH,          *
as the parents and natural guardians of, *
L.S., an infant,                     *
                   Petitioners,      *
         v.                          *          Stipulation; DTap; Hep A;
                                     *          Serum Sickness
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                   Respondent.       *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## DECISION ON JOINT STIPULATION[1]

**Vowell**, Special Master:

Robert and Amy Smith ["petitioners"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of their son, L. S., on September 23, 2011. An amended petition was filed on July 5, 2012.

Petitioners allege that L.S. suffered serum sickness, resulting in an undetermined autoimmune condition, as a result of the DTaP and Hep A vaccines he received on September 26, 2008. They further allege that L.S. experienced residual effects of his serum sickness, in the form of rashes, for more than six months. *See* Stipulation, filed Oct. 23, 2012, at ¶¶ 2, 4. Respondent denies that L.S.'s DTap or Hep A vaccines caused his serum sickness, autoimmune condition, or any other injury and also denies that L. S.'s current disabilities are sequelae of a vaccine-related injury. Stipulation at ¶ 6. Nevertheless, the parties have agreed to settle the case. On October 23, 2012, the

---

[1] When this decision was originally issued, petitioners were informed that the decision would be posted in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). Petitioners were also notified that they could seek redaction pursuant to § 300aa-12(d)(4)(B); Vaccine Rule 18(b). Petitioners made a timely request for redaction and this decision is being reissued with the name of the minor child redacted to initials.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to pay petitioners:

A lump sum payment of **$55,000.00** in the form of a check payable to petitioners, as guardians/administrators of L.S.'s estate. This amount represents compensation for all damages that would be available under § 300aa-15(a).

The special master adopts the parties' stipulation attached hereto, and awards compensation in the amount and on the terms set forth therein. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Denise K. Vowell**
Denise K. Vowell
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

ROBERT SMITH and AMY SMITH, as the )
Parents and Natural Guardians of ███████ )    **ECF**
████████ an Infant, )
                       )
          Petitioners, )    No. 11-614V
                       )    Special Master
    v. )    Denise K. Vowell
                       )
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
                       )
          Respondent. )
_____)

## STIPULATION

The parties hereby stipulate to the following matters:

1. On September 23, 2011, Robert and Amy Smith ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34, as amended (the "Vaccine Program"), on behalf of their minor son, ███████████ ("█████"). Petitioners filed an amended petition on July 5, 2012, clarifying the alleged vaccine-related injury. The amended petition states that petitioners seek compensation for injuries, to include serum sickness resulting in an autoimmune condition, allegedly related to ████'s receipt of diphtheria-tetanus-acellular pertussis ("DTaP") vaccine, and Hepatitis A ("Hep A") vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. ██████received the DTaP and Hep A vaccines on September 26, 2008.

3. The vaccines were administered within the United States.

4. Petitioners allege that ████suffered serum sickness consisting of fever, recurring hives and welts, itching, and joint swelling, resulting in an undetermined autoimmune condition

1

that was caused-in-fact by the DTaP and/or Hep A vaccines he received. Petitioners further allege that ▓▓ suffered the residual effects of his serum sickness, in the form of rashes, for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on ▓▓ s behalf as a result of his condition.

6. Respondent denies that the DTaP or Hep A vaccines caused ▓▓ s serum sickness, autoimmune condition, or any other injury, and further denies that ▓▓ s current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $55,000.00 in the form of a check payable to petitioners as guardians/administrators of ▓▓ s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

2

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C.§ 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.§ 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payments made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/administrators of ▮▮▮▮ estate under the laws of the State of California. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/administrators of ▮▮▮▮ estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/administrators of the estate of ▮▮▮▮ at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/administrator of the estate of ▮▮▮▮ upon submission of written documentation of such appointment to the Secretary.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of ▮▮▮▮ as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

3

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity, and as guardians/conservators of ▮▮▮▮ estate, on behalf of ▮▮▮▮ and his heirs, executors, administrators, successors, and assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of ▮▮▮▮▮ resulting from, or alleged to have resulted from, the DTaP and/or Hep A vaccines administered to ▮▮▮▮ on September 26, 2008, as alleged by petitioners in a petition and amended petition for vaccine compensation filed on September 23, 2011, and July 5, 2012, respectively, in the United States Court of Federal Claims as petition No. 11-614V.

15. If ▮▮▮▮▮ should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the

4

parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP vaccine and/or Hep A vaccine caused █████s serum sickness, autoimmune disorder, or any other injury, or that█████s current disabilities are sequelae of any vaccine-related injury.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of the estate of█████████

### END OF STIPULATION

Respectfully submitted,

PETITIONERS:

ROBERT SMITH

AMY SMITH

ATTORNEY OF RECORD FOR
PETITIONERS:

MARK T. SADAKA, ESQ.
LAW OFFICES OF SADAKA ASSOCIATES
20 North Van Brunt Street, Ste. 4
Englewood, NJ 07631
Tel: (201) 266-5670

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Acting Deputy Director
Torts Branch, Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

GEOFFREY EVANS, M.D.
Director, Division of
Vaccine Injury Compensation
Healthcare Systems Bureau
U. S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

DATE: 10/23/12

ATTORNEY OF RECORD FOR
RESPONDENT:

LISA A. WATTS
Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4099

6